MICHAEL SCHACHER
*PARTNER*
MSCHACHER@GRSM.COM
DIRECT DIAL: 914-777-2237



GORDON REES SCULLY MANSUKHANI
YOUR 50 STATE LAW FIRM™

ATTORNEYS AT LAW
500 MAMARONECK AVENUE, SUITE 503
HARRISON, NY 10528
WWW.GRSM.COM
914-777-2225
Fax 914-709-4566

December 12, 2025

**Via CM/ECF**
Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District
40 Foley Square
New York, New York 10007

> Re: ***Melvin Castro v. XPO Logistics Freight, Inc., et al.***
> Civil Action No.: 1:25-cv-03275
> The Parties Joint Status Letter and Request for an Extension of Fact and
> Expert Discovery Deadlines

Dear Judge Engelmayer:

As you know, our office represents the Defendants XPO Logistics Freight, Inc. ("XPO") and Duc Nguyen ("Nguyen") in the above-referenced matter. Per Your Honor's December 9, 2025 Order, please allow this to serve as the parties joint status letter and request for an extension of fact and expert discovery deadlines. Please be advised defendant Yuderka Herrera-Mejia has appeared for her virtual/recorded deposition on three separate occasions. Ms. Herrea's deposition is now complete and post-deposition demands will be served shortly. Based on Ms. Herrea's testimony, defendants XPO and Nguyen are requesting the Court's permission to refile their spoliation motion.

Defendants XPO and Nguyen owe responses to plaintiff's initial discovery demands and responses will be provided soon. Plaintiff has responded to a majority of defendants XPO and Nguyen's discovery demands but owes a response to their Fourth Request for Production. Depositions of plaintiff and defendant Nguyen are outstanding. Platiniff has appeared for IMEs with Drs. John Bendo, Jeffrey Passick and Adam Bender. Defendants XPO and Nguyen are retaining additional liability and damages experts.

Given the outstanding discovery the parties respectfully request that the fact discovery deadline be extended to **February 28, 2026**, and that the deadline for disclosing experts and affirmative expert reports be extended to **April 30, 2026**. The parties also request their respective experts be allowed to serve rebuttal reports. An amended Civil Case Management Plan and Scheduling Order is attached hereto for Your Honor's review.

1

The parties appreciate the Court's time and consideration.

Respectfully Submitted,

Michael J. Schacher, Esq.
GORDON REES SCULLY
MANSUKHANI LLP
*Attorneys for Defendants*
XPO LOGISTICS FREIGHT, INC.,
and DUC NGUYEN
500 Mamaroneck Ave, Suite 503
Harrison, New York 10528
T: (914) 777-2237

GRANTED. The Court denies as moot defendants' spoliation motion, Dkt. 19, grants defendants leave to refile that motion, and respectfully directs the Clerk of Court to terminate the motion pending at docket 19.

The Court also grants the parties leave to file rebuttal expert reports. For avoidance of doubt, those reports must be filed by the expert discovery deadline of April 30, 2026.

The Case Management Conference is adjourned to **May 22, 2026 at 2 p.m**.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Date:  December 15, 2025
New York, New York

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

Melvin Castro

                       Plaintiff(s),

        -v-

XPO Logistics Freight, Inc., et al.
                       Defendant(s).

-------------------------------------------------X

1:25 Civ. 03275 (PAE)

CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING
ORDER

       This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.    All parties (consent) (do not consent) to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). [Circle one.] The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2.    This case (is) (is not) to be tried to a jury. [Circle one.]

3.    Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within __30__ days from of the Order. [Absent exceptional circumstances, thirty (30) days.]

4.    Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be completed no later than __N/A__ days from the date of this Order. [Absent exceptional circumstances, fourteen (14) days.]

5.    All fact discovery shall be completed no later than ___2/28/26___. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

6.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

    a.    Initial requests for production of documents to be served by ___N/A___.
    b.    Interrogatories to be served by ___N/A___.

1

c.    Depositions to be completed by _____ 2/28/26 _____.

d.    Requests to Admit to be served no later than __1/31/26_____.

7.    a.    All _expert_ discovery shall be completed no later than _____4/30/26_____.
[Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 5, _i.e._, the completion of all fact discovery.]

b.    No later than thirty (30) days prior to the date in paragraph 5, _i.e._, the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.    All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 5, _i.e._, the close of fact discovery.

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.    Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

_Settlement conversations are premature at this stage of litigation, and will be had after discovery is complete._

b.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately-retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

_Settlement conversations are premature at this stage of litigation, and will be had after discovery is complete._

c.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 10(b), be employed at the following point in the case (_e.g._, within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

_Settlement conversations are premature at this stage of litigation, and will be had after discovery is complete._

2

    d.     The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.    The Final Pretrial Order date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Order date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed after the close of discovery on or before the Final Pretrial Order date. If this action is to be tried before a jury, proposed *voir dire*, jury instructions and verdict form shall also be filed on or before the Final Pretrial Order date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order date.

12.    Counsel for the parties have conferred and their present best estimate of the length of trial is _____2 weeks_____.

13.    [Other items, including those in Rule 26(f)(3).]

-------------------------------------------------------------------------------------------------------------

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

14.    [Other]

15.    The next Case Management Conference is scheduled for ____May 22, 2026____ at ___2 p.m.___

Unless otherwise indicated, the Case Management Conference will be held **telephonically.** The parties should call into the Court's dedicated conference line at **(855) 244-8681, and enter Access Code 2318-315-0661, followed by the pound (#) key.** Counsel are directed to review the Court's Individual Rules and Practices in Civil Cases, found at https://nysd.uscourts.gov/hon-paul-engelmayer, for the Court's procedures for telephonic conferences and for instructions for communicating with chambers.

All conferences with the Court are scheduled for a specific time; there is no other matter scheduled for that time, and counsel are directed to appear promptly. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

**Please email to EngelmayerNYSDChambers@nysd.uscourts.gov, no later than twenty-four hours before the conference,** the names of any counsel who wish to enter an appearance at the conference, who will be serving as lead counsel, and the number from which each counsel will be calling.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

_Paul A. Engelmayer_
_____
Paul A. Engelmayer
United States District Judge

December 15, 2025

Dated:     New York, New York
_____

4